EMILYROSE JOHNS, SBN 294319
SIEGEL, YEE, BRUNNER & MEHTA
475 14th Street, Suite 500
Oakland, California 94612
Telephone: (510) 839-1200
Facsimile: (510) 444-6698
Email: emilyrose@siegelyee.com

DEBORAH M. GOLDEN, *Pro Hac Vice Forthcoming*
THE LAW OFFICE OF DEBORAH M. GOLDEN
700 Pennsylvania Ave. SE, 2nd Floor
Washington, DC 20003
Telephone: (202) 630-0332
Email: dgolden@debgoldenlaw.com

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.B.M., | ) Case No. |
| | ) |
| Plaintiff, | ) **COMPLAINT FOR DAMAGES AND JURY** |
| | ) **DEMAND** |
| vs. | ) |
| | ) |
| UNITED STATES OF AMERICA; RONALD ST. | ) |
| CLAIR, in his individual capacity; RAY | ) |
| GARCIA in his individual capacity, | ) |
| | ) |
| Defendants. | ) |

### INTRODUCTION

1.    J.B.M. served a sentence in the Bureau of Prisons and was housed at Federal Corrections Institution Dublin ("FCI Dublin"), known openly at the time as "the Rape Club," for nearly three years.

2.    While housed at FCI Dublin, J.B.M. faced constant sexual harassment, culminating in multiple instances of sexual abuse and long-lasting traumatization.

*J.B.M. v. United States of America, et al.,* No.
Complaint for Damages and Jury Demand - 1

3.      Other staff members at FCI Dublin, all the way up through Bureau of Prisons leadership, were aware of the culture of sexual abuse at FCI Dublin and did nothing to meaningfully respond or otherwise protect the people incarcerated there.

4.      J.B.M. experiences lasting trauma due to her abuse.

## JURISDICTION AND VENUE

5.      An actual, present, and justiciable controversy exists between the parties within the meaning of 28 U.S.C. § 2201(a).

6.      This action involves claims arising under United States and California laws. The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332, and 1367.

7.      Venue is proper in this district under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this district.

8.      Assignment is appropriate in the Oakland Division of this Court because that is where "a substantial part of the events or omissions giving rise to the claim[s] occurred." Furthermore, several related cases have already been assigned to District Judge Yvonne Gonzalez Rogers, and Plaintiff J.B.M. will be filing an administrative motion to relate this case to those other cases.

## PARTIES

9.      Plaintiff J.B.M. was at all times relevant here incarcerated in FCI Dublin.

10.      Defendant United States of America Federal Bureau of Prisons ("BOP") is a governmental entity that operates and is in possession and control of the Federal Correctional Institute Dublin ("FCI Dublin"). FCI Dublin was a federal female low-security correctional institution.

11.      Defendant Ronald St. Clair was a Correctional Officer at FCI Dublin. He is sued in his individual capacity.

12.      Defendant Ray Garcia was the Warden and PREA Coordinator during the time of this abuse. He is sued in his individual capacity.

13. While acting and failing to act as alleged herein, Defendant United States had complete custody and total control of Plaintiff J.B.M. Plaintiff J.B.M. was dependent upon Defendant United States for her personal security and necessities.

14. In performing the acts and/or omissions contained herein, Defendants St. Clair and Garcia acted under color of federal law, and Plaintiff J.B.M. is informed and believes each acted maliciously, callously, intentionally, recklessly, with gross negligence, and with deliberate indifference to the rights and personal security of Plaintiff J.B.M. Each knew or should have known that their conduct, attitudes, actions, and omissions were, and are, a threat to Plaintiff J.B.M. and to her constitutionally and statutorily protected rights. Despite this knowledge, Defendants United States and Garcia failed to take steps to protect Plaintiff J.B.M. and to ensure her rights to safety from sexual abuse.

**FACTS**

15. From October or November 2019 through April 15, 2022, Plaintiff J.B.M. was incarcerated at FCI Dublin.

16. During that time, Plaintiff J.B.M. became intimately familiar with why it was known as "the Rape Club".

17. She experienced sexual harassment and abuse from guards regularly and saw such abuse happening to other women at Dublin.

18. Plaintiff J.B.M. regularly saw how other prisoners would face retaliation for reporting sexual abuse or harassment, including loss of privileges, prolonged solitary confinement in the Special Housing Unit ("SHU"), or loss of good-time credit resulting in a longer BOP sentence.

19. Starting in October or November of 2019, Defendant St. Clair became fixated on Plaintiff J.B.M.

20. When she would walk through the dining hall line, he would holler at her. He started coming to visit her when she was in the kitchen.

*J.B.M. v. United States of America, et al.*, No.
Complaint for Damages and Jury Demand - 3

21. There, he would regularly rub his body against Plaintiff J.B.M. whenever he had the opportunity, rubbing his genitals against her buttocks or other parts of her body without her consent.

22. When he passed her, he would touch her lower waist. She never consented to his touching and felt deeply offended, uncomfortable, and scared by his physical contact.

23. Defendant St. Clair would also flirt with her in an effort to get her to engage in sex with him. He would regularly blow her kisses and on one occasion, he wrote her a "secret admirer" letter that he had another prisoner give her.

24. He propositioned her for sex. On one occasion, he asked her if her "ass" was real and demanded she shake her buttocks for him. On another occasion, he asked if she wanted to touch his penis. He told her that he had an anchor tattoo on or near his genitals.

25. In addition to verbal propositions, St. Clair plied her with contraband. He gave her food from the staff dining hall or from outside. He gave her silverware to take back to her cell, a Thermos to keep drinks warm, expensive socks, and lingerie. He would imply that she owed him favors in exchange for these items.

26. St. Clair told Plaintiff J.B.M. that he could find her when she was released, a threat that she readily believed. He told her about how he found another former prisoner in Mexico and tracked her down.

27. Plaintiff J.B.M. confided in her boss that Defendant St. Clair made her uncomfortable. Her boss did nothing to protect her and, on information and belief, he did not report Defendant St. Clair.

28. Defendant St. Clair's behavior continued until Plaintiff J.B.M. transferred from FCI Dublin.

29. Officer Ramos, now deceased, would come into the kitchen when Plaintiff J.B.M. was working. He too routinely made sexual comments about Plaintiff J.B.M.'s body and talked about her buttocks.

30. He would also share personal and inappropriate things about his life.

*J.B.M. v. United States of America, et al.,* No.
Complaint for Damages and Jury Demand - 4

31. When Ramos would talk with Plaintiff J.B.M., he would touch his penis and make sexually suggestive comments and gestures.

32. He would also provide Plaintiff J.B.M. and others with contraband like outside food. On one occasion when Plaintiff J.B.M. did not flirt with him as he expected, he ordered her to submit to a search and sent her to the Special Housing Unit ("SHU") for possessing contraband that he had given her.

33. When she was in the SHU, she could not have contact with her family. She later learned that her family thought she had disappeared and they were extremely frightened.

34. When Plaintiff J.B.M. continued to rebuff Ramos' advances, Ramos told lies about Plaintiff J.B.M. to other prisoners with the intention that they would threaten her or assault her.

35. As a result, she was not just targeted by Ramos but was also unsafe among other prisoners.

36. Defendant St. Clair's and Ramos' conduct towards J.B.M. and others was overt and obvious.

37. Defendant Garcia, acting as both the Warden of FCI Dublin and the PREA Coordinator, owed a duty to the prisoners in his custody to protect them from sexual violence.

38. Defendant Garcia knew, or should have known, that Defendants St. Clair and Ramos were sexually abusing J.B.M.

39. Plaintiff J.B.M. feared retaliation, which she saw her roommate experience after making a complaint against an officer. She did not want her time in custody to be extended because of reporting sexual abuse.

40. Further, Plaintiff J.B.M. regularly would see Defendant Garcia walking around the prison with his penis erect and displayed.

41. As such, Plaintiff J.B.M. did not feel safe reporting abuse and was well aware that there was no one to whom she could safely report this sexual misconduct and harassment.

42. She was also afraid of trying to communicate with an attorney by mail or phone, as she knew that all of her calls and mail were monitored. Her mail took a long time to get sent out, and her calls would be ended if she mentioned an officer's name.

43.     During her incarceration at FCI Dublin, Plaintiff J.B.M. was frequently placed in the SHU for "investigations", which never amounted to any rules violations reports or formal punishment. She would remain for one to two weeks, without adequate food, visitation, phone, or regular recreation. Because these stints in the SHU were not connected to any rules violations, she understood them to be retaliation for not giving Ramos or St. Clair what they wanted.

44.     The destabilization caused by being constantly sexually harassed and frequently and inexplicably placed in the SHU caused her extreme anxiety. She also knew that it caused her family distress. On one occasion in the SHU, she attempted suicide and self-harm.

45.     Plaintiff J.B.M. continues to suffer extreme post-traumatic stress disorder and anxiety, including experiencing regular nightmares and flashbacks.

46.     Plaintiff J.B.M. was in BOP custody until April 15, 2022, and was on supervised release until April of 2024.

## EXHAUSTION

47.     On February 28, 2025, Plaintiff J.B.M., through counsel, mailed an administrative claim under the FTCA to the BOP's Western Regional Office.

48.     The BOP acknowledged receipt on March 10, 2025.

49.     The BOP has not substantively responded to her claim.

## EQUITABLE TOLLING

50.     Plaintiff J.B.M. is entitled to equitable tolling for her FTCA Claim received by the BOP on March 10, 2025.

51.     The FTCA's statute of limitations is subject to equitable tolling. *United States v. Wong*, 575 U.S. 402, 420 (2015).

52.     Equitable tolling applies when 1) a plaintiff pursued their rights diligently, and 2) extraordinary circumstances prevented timely filing. *Wong v. Beebe*, 732 F. 2d 1030, 1052 (9th Cir. 2013).

53.     Courts have long recognized that survivors of sexual abuse may be entitled to equitable tolling where trauma, fear, retaliation, and coercion prevented timely filing. *See* e.g., *Su v. United States*, No. 4:25-cv-00329-YGR (N.D. Cal. Sept. 3, 2025), ECF No. 24; *Stoll v. Runyon*,

*J.B.M. v. United States of America, et al.*, No.
Complaint for Damages and Jury Demand - 6

165 F. 3d 1238, 1242 (9th Cir. 1999) (equitable tolling is appropriate where sexual abuse and post-traumatic stress disorder rendered the plaintiff unable to timely pursue a claim).

54. Plaintiff J.B.M. clearly faced extraordinary circumstances preventing the timely filing of her FTCA claim.

55. Because Plaintiff J.B.M. remained incarcerated within the BOP until April 15, 2022, and was on supervised release until April 2024, she continued to experience extraordinary circumstances preventing her from freely accessing the courts or safely pursuing her claims. As long as she remained under BOP custody and control, the threats, coercion, and fear of retaliation continued to silence her.

56. A court-appointed Special Master confirmed that during the time of Plaintiff J.B.M.'s incarceration, "there was no safe or consistent path women could take to file sex abuse complaints," that women were "intimidated and forced to justify why they needed to complete [PREA] forms in the first place, " and that women who tried to report abuse were met with retaliation, including solitary confinement and wrongful disciplinary infractions which extended their incarceration.[1]

57. Plaintiff J.B.M. has diligently pursued her rights by initiating this claim as soon as she felt some level of safety.

58. Plaintiff J.B.M. has further demonstrated that she faced extraordinary circumstances preventing her from filing within the ordinary FTCA statutory period.

59. Defendants are not entitled to benefit from their own misconduct. Equitable tolling of Plaintiff J.B.M.'s statute of limitations prevents this very result. Without the equitable tolling of Plaintiff's statute of limitations, Defendants would be rewarded for the very intimidation,

---

[1] Lisa Fernandez, FCI Dublin Special Master Finds 'Cascade Failures at Women's Prison, KTVU (Aug. 20, 2024), https://www.ktvu.com/news/fci-dublin-special-master-finds-cascade-failures-womens-prison; Lisa Fernandez, Special Master Issues 1st Report on FCI Dublin Sex Assault, KTVU (Aug. 19, 2024), https://www.ktvu.com/news/special-master-issues-1st-report-fci-dublin-sex-assault; Lisa Fernandez, FCI Dublin Special Master Authorized to Ensure Women Care for at Other Prisons: Judge, KTVU (May 21, 2024), https://www.ktvu.com/news/fci-dublin-special-master-authorized-to-ensure-women-cared-for-at-other-prisons-judge.

retaliation, and constitutional violations that prevented Plaintiff from asserting her claim within the statutory period.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### GENDER VIOLENCE
### (against Defendant United States)
### (FTCA; Cal. Civ. Code § 52.4)

60.    Plaintiff J.B.M. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

61.    Plaintiff J.B.M. brings this claim under the Federal Tort Claims Act for gender violence under California Civil Code § 52.4 against the United States based on the conduct of its employees, St. Clair, Garcia, and Ramos.

62.    The United States is named as a defendant for the acts of these individual employees under the Federal Tort Claims Act.

63.    These federal employees engaged in the wrongful conduct alleged while in the course and scope of their employment as a federal employee.

64.    Their position as correctional officers was essential to their commission of tortious misconduct, which could not have occurred absent their federal employment.

65.    Under California law, any person subjected to gender violence may bring a civil action for damages. Gender violence is a form of sex discrimination that includes a physical intrusion or invasion of a sexual nature under coercive conditions.

66.    Defendants St. Clair and Garcia, and Ramos, discriminated against Plaintiff J.B.M. based on her gender when they repeatedly sexually abused her by physically subjecting her to sexual acts.

67.    By these acts, Defendants St. Clair and Garcia, and Ramos, caused Plaintiff J.B.M. physical, mental, and emotional injuries as well as injury to her personal dignity.

///
///
///

*J.B.M. v. United States of America, et al.,* No.
Complaint for Damages and Jury Demand - 8

## SECOND CLAIM FOR RELIEF
### GENDER VIOLENCE
**(against Defendants St. Clair and Garcia)**
**(FTCA; Cal. Civ. Code § 52.4)**

68. Plaintiff J.B.M. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

69. Plaintiff J.B.M. brings this claim under the Federal Tort Claims Act for gender violence under California Civil Code § 52.4 against Defendants St. Clair and Garcia.

70. These federal employees engaged in the wrongful conduct alleged while in the course and scope of their employment as federal employees.

71. Their position as correctional officers was essential to their commission of tortious misconduct, which could not have occurred absent their federal employment.

72. Under California law, any person subjected to gender violence may bring a civil action for damages. Gender violence is a form of sex discrimination that includes a physical intrusion or invasion of a sexual nature under coercive conditions.

73. Plaintiff has a nonfrivolous argument that Defendants St. Clair and Garcia bear individual liability and are not shielded by the Westfall Act, 28 U.S.C. § 2679, for the acts and omissions here, which are violations of the U.S. Constitution.

74. Defendants St. Clair and Garcia discriminated against Plaintiff J.B.M. based on her gender when they repeatedly sexually abused her by physically subjecting her to sexual acts.

75. By these acts, Defendants St. Clair and Garcia caused Plaintiff J.B.M. physical, mental, and emotional injuries as well as injury to her personal dignity.

## THIRD CLAIM FOR RELIEF
### SEXUAL ASSAULT
**(against Defendant United States)**
**(FTCA; California Common Law)**

76. Plaintiff J.B.M. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

77. Plaintiff J.B.M. brings this claim for sexual assault under the Federal Tort Claims Act for violation of rights established by California common law against the United States based on the conduct of its employees, Defendant St. Clair and Ramos.

---

*J.B.M. v. United States of America, et al.*, No.
Complaint for Damages and Jury Demand - 9

78.    These federal employees engaged in the wrongful conduct alleged while in the course and scope of their employment as federal employees.

79.    Their position as correctional officers was essential to their commission of tortious misconduct, which could not have occurred absent their federal employment.

80.    Defendant St. Clair and Ramos violated Plaintiff J.B.M.'s right to be free from sexual assault by repeatedly sexually abusing her and placing her in fear of imminent sexual abuse while she was incarcerated.

81.    Defendant St. Clair's and Ramos' sexual abuse of Plaintiff J.B.M. was deeply offensive to her personal dignity and would offend a person of ordinary sensitivity.

82.    Defendant St. Clair and Ramos subjected Plaintiff J.B.M. to these sexual acts with the intent to cause a harmful or offensive contact with Plaintiff J.B.M.'s person.

83.    By intentionally subjecting Plaintiff J.B.M. to the imminent threat of sexual acts, Defendant St. Clair and Ramos acted maliciously, in a manner that is deeply offensive to human dignity and void of any penological justification.

84.    By repeatedly subjecting Plaintiff J.B.M. to the imminent threat of sexual acts, Defendants Ramos and St. Clair caused her to suffer physical, mental, and emotional injuries, as well as injuries to her personal dignity.

### FOURTH CLAIM FOR RELIEF
### SEXUAL ASSAULT
### (against Defendant St. Clair)
### (California Common Law)

85.    Plaintiff J.B.M. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

86.    Plaintiff J.B.M. brings this claim for sexual assault under California common law against Defendant St. Clair.

87.    Defendant St. Clair violated Plaintiff J.B.M.'s right to be free from sexual assault by repeatedly sexually abusing her and placing her in fear of imminent sexual abuse while she was incarcerated.

88.    Defendant St. Clair's sexual abuse of Plaintiff J.B.M. was deeply offensive to her personal dignity and would offend a person of ordinary sensitivity.

89.    Defendant St. Clair subjected Plaintiff J.B.M. to these sexual acts with the intent to cause a harmful or offensive contact with Plaintiff J.B.M.'s person.

90.    By intentionally subjecting Plaintiff J.B.M. to the imminent threat of sexual acts, Defendant St. Clair acted maliciously, in a manner that is deeply offensive to human dignity and void of any penological justification.

91.    By repeatedly subjecting Plaintiff J.B.M. to the imminent threat of sexual acts, Defendant St. Clair caused her to suffer physical, mental, and emotional injuries, as well as injuries to her personal dignity.

**FIFTH CLAIM FOR RELIEF**
**SEXUAL BATTERY**
**(against Defendant United States)**
**(FTCA; Cal Civ. Code § 1708.5)**

92.    Plaintiff J.B.M. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

93.    Plaintiff J.B.M. brings this claim for battery under the Federal Tort Claims Act based on Cal Civ. Code § 1708.5 against the United States for the conduct of its employees, Defendant St. Clair and Ramos.

94.    These federal employees engaged in the wrongful conduct alleged while in the course and scope of their employment as federal employees.

95.    Their position as correctional officers was essential to their commission of tortious misconduct, which could not have occurred absent their federal employment.

96.    Defendant St. Clair and Ramos committed battery against Plaintiff J.B.M. by repeatedly sexually abusing her while she was incarcerated as a minimum-security prisoner at FCI Dublin.

97.    The sexual abuse of Plaintiff J.B.M., a prisoner, was deeply offensive to her personal dignity, would offend a person of ordinary sensitivity, and was unwarranted by the social usages in prison when the contact was made.

98.    Defendant St. Clair and Ramos subjected Plaintiff J.B.M. to these sexual acts with the intent to cause a harmful or offensive contact with Plaintiff J.B.M.'s person.

## SIXTH CLAIM FOR RELIEF
### SEXUAL BATTERY
### (against Defendant St. Clair)
### (Cal Civ. Code § 1708.5)

99.    Plaintiff J.B.M. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

100.    Plaintiff J.B.M. brings this claim for battery under Cal Civ. Code § 1708.5 against Defendant St. Clair.

101.    Defendant St. Clair committed battery against Plaintiff J.B.M. by repeatedly sexually abusing her while she was incarcerated as a minimum-security prisoner at FCI Dublin.

102.    The sexual abuse of Plaintiff J.B.M., a prisoner, was deeply offensive to her personal dignity, would offend a person of ordinary sensitivity, and was unwarranted by the social usages in prison when the contact was made.

103.    Defendant St. Clair subjected Plaintiff J.B.M. to these sexual acts with the intent to cause a harmful or offensive contact with Plaintiff J.B.M.'s person.

## SEVENTH CLAIM FOR RELIEF
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (against Defendant United States)
### (FTCA; California Common Law)

104.    Plaintiff J.B.M. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

105.    Plaintiff J.B.M. brings this claim under the Federal Tort Claims Act for the intentional infliction of emotional distress against the United States based on the conduct of Defendant St. Clair, and Ramos.

106.    These federal employees engaged in the wrongful conduct alleged while in the course and scope of their employment as federal employees.

107.    Their position as correctional officers was essential to their commission of tortious misconduct, which could not have occurred absent their federal employment.

108.    Defendant St. Clair, and Ramos, engaged in outrageous conduct by repeatedly subjecting Plaintiff J.B.M. to sexual acts while she was incarcerated as a prisoner in their employer's custody. They abused their authority over Plaintiff J.B.M. and their power to affect her

*J.B.M. v. United States of America, et al.*, No.
Complaint for Damages and Jury Demand - 12

in a manner that was beyond all bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized society.

109. Defendant Garcia knew of or should have known of the misconduct of Defendant St. Clair, and Ramos, and failed to intervene to protect Plaintiff J.B.M.

110. Defendant St. Clair's, and Ramos', sexual abuse caused Plaintiff J.B.M. to suffer, and continue to suffer, severe emotional distress, including fear, depression, and anxiety. This distress was so substantial and enduring that no reasonable person in a civilized society should be expected to endure it.

111. Defendant St. Clair, and Ramos, intended to cause Plaintiff J.B.M. this emotional distress because they knew that emotional distress was likely to result from their sexual abuse of a prisoner.

**EIGHTH CLAIM FOR RELIEF**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
**(against Defendants St. Clair and Garcia)**
**(California Common Law)**

112. Plaintiff J.B.M. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

113. Plaintiff J.B.M. brings this claim for the intentional infliction of emotional distress against Defendants St. Clair and Ramos.

114. Defendant St. Clair engaged in outrageous conduct by repeatedly subjecting Plaintiff J.B.M. to sexual acts while she was incarcerated as a prisoner in his employer's custody. He abused his authority over Plaintiff J.B.M. and his power to affect her in a manner that was beyond all bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized society.

115. Defendant Garcia engaged in outrageous behavior by intentionally failing to protect Plaintiff J.B.M. from the rampant sexual abuse occurring at FCI Dublin while he was the Warden and PREA Coordinator.

116. Defendant St. Clair's sexual abuse and Defendant Garcia's failure to protect from sexual abuse caused Plaintiff J.B.M. to suffer, and continue to suffer, severe emotional distress,

including fear, depression, and anxiety. This distress was so substantial and enduring that no reasonable person in a civilized society should be expected to endure it.

117.   Defendant St. Clair intended to cause Plaintiff J.B.M. this emotional distress because he knew that emotional distress was likely to result from his sexual abuse of a prisoner.

### NINTH CLAIM FOR RELIEF
### BANE ACT
### (against all Defendants)
### (FTCA; Cal. Civ. Code § 52.1)

118.   Plaintiff J.B.M. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

119.   Plaintiff J.B.M. was in the custody and control of the United States during all relevant times.

120.   Defendants St. Clair and Garcia, and Ramos, violated Plaintiff J.B.M.'s rights to protection from bodily restraint, harm, and insult, as secured by California Civil Code § 43; her rights under the California Constitution to be free of the imposition of punishment without due process, cruel and unusual punishment, and the right to be free from sexual violation; and her right under the Eighth Amendment to the United States Constitution to be free of cruel and unusual punishment, by threat, intimidation, and/or coercion.

121.   Defendant United States, by the actions of its employees Defendants St. Clair and Garcia, and Ramos, interfered with Plaintiff J.B.M.'s right to protection from bodily restraint, harm, and insult, as secured by California Civil Code § 43; her rights under the California Constitution to be free of the imposition of punishment without due process, cruel and unusual punishment, and the right to be free from sexual violation; and her right under the Eighth Amendment to the United States Constitution to be free of cruel and unusual punishment, by threat, intimidation, and/or coercion.

122.   As a proximate result of these acts, Plaintiff J.B.M. sustained damage and injury.

///

///

///

*J.B.M. v. United States of America, et al.,* No.
Complaint for Damages and Jury Demand - 14

## TENTH CLAIM FOR RELIEF
### TRAFFICKING VICTIMS PROTECTION ACT
### (against all Defendants)
### (18 U.S.C. § 1581, *et seq.*)

123.    Plaintiff J.B.M. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

124.    Defendant St. Clair, and Ramos, knowingly recruited, enticed, and solicited Plaintiff J.B.M. by offering benefits and things of value, such as not being placed in the SHU, for engaging in sex acts.

125.    Defendant St. Clair, and Ramos, made Plaintiff J.B.M. engage in sex acts through force and coercion.

126.    Defendant Garcia knew of, or should have reasonably known, that Defendants St. Clair, and Ramos, were soliciting Plaintiff J.B.M. in exchange for sex acts, and benefited by failing to protect Plaintiff J.B.M.

127.    This conduct has caused Plaintiff J.B.M. serious harm, including, without limitation, physical, psychological, emotional, financial, and reputational harm, and she has a claim for damages for such violations under 18 U.S.C. § 1591, 18 U.S.C. § 1595.

## ELEVENTH CLAIM FOR RELIEF
### CALIFORNIA TRAFFICKING VICTIMS PROTECTION ACT
### (against Defendant United States)
### (FTCA; Cal. Civ. Code § 52.5)

128.    Plaintiff J.B.M. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

129.    Defendant St. Clair, and Ramos, knowingly recruited, enticed, and solicited Plaintiff J.B.M. by offering benefits and things of value, such as not being placed in the SHU, for engaging in sex acts.

130.    Defendant St. Clair, and Ramos, made Plaintiff J.B.M. engage in sex acts through force and coercion.

131.    Defendant Garcia knew or should have known that Defendant St. Clair, and Ramos, were engaged in these activities and intentionally placed Plaintiff J.B.M. at greater risk of harm and/or failed to act in a manner that protected Plaintiff J.B.M. from harm.

132. Defendant United States employed Defendants St. Clair and Garcia, and Ramos, whose actions and/or inactions occurred while they were acting as federal employees under the color of law.

133. This conduct has caused Plaintiff J.B.M. serious harm, including, without limitation, physical, psychological, emotional, financial, and reputational harm.

**TWELFTH CLAIM FOR RELIEF**
**CALIFORNIA TRAFFICKING VICTIMS PROTECTION ACT**
**(against Defendants St. Clair and Garcia)**
**(Cal. Civ. Code § 52.5)**

134. Plaintiff J.B.M. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

135. Defendant St. Clair knowingly recruited, enticed, and solicited Plaintiff J.B.M. by offering benefits and things of value, such as not being placed in the SHU, for engaging in sex acts.

136. Defendant St. Clair made Plaintiff J.B.M. engage in sex acts through force and coercion.

137. Defendant Garcia knew or should have known that Defendant St. Clair was engaged in these activities and intentionally placed Plaintiff J.B.M. in greater risk of harm and/or failed to act in a manner that protected Plaintiff J.B.M. from harm.

138. This conduct has caused Plaintiff J.B.M. serious harm, including, without limitation, physical, psychological, emotional, financial, and reputational harm.

**PRAYER FOR RELIEF**

139. Plaintiff J.B.M. prays for judgment against Defendant, and each of them, as follows:

(a) An award of damages, including compensatory, special, punitive, and nominal damages, to Plaintiff J.B.M. in an amount to be determined at trial;

(b) An award to Plaintiff J.B.M. of the costs of this suit and reasonable attorneys' fees and litigation expenses, including expert witness fees; and

(c) For such other and further relief as this Court may deem just and proper.

///

///

## JURY TRIAL DEMAND

Plaintiff J.B.M. hereby respectfully demands a jury trial, pursuant to Rule 38 of the Federal Rules of Civil Procedure.


Dated: December 8, 2025

SIEGEL, YEE, BRUNNER & MEHTA

By:_____
     EmilyRose Johns


THE LAW OFFICE OF DEBORAH M. GOLDEN


By: /s/ *Deborah M. Golden*
     Deborah M. Golden

DC Bar # 470-578
Motion for *pro hac vice* forthcoming

*Attorneys for Plaintiff*